LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

GLEISON SANTOS,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

    Plaintiff,

        v.

BIG CITY YONKERS, INC.,
450 CONCORD AVENUE CORP.,
QPBC INC.,
KKLDS, INC.,
20-15 ATLANTIC CORP.,
GLENWOOD AUTOPARTS CORP.,
D A L HOLDING CO., INC.,
ALL PARTS INC.,
AUTOSTAR AUTOMOTIVE
    WAREHOUSE, INC.,
WILLIAMSBURG AUTOMOTIVE
    REALTY, LLC,
RYLE REALTY CORP.,
LINDEN BC, INC.,
BIG CITY ENGLEWOOD, INC. and
KENNETH MAURER,

    Defendants.

---

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, GLEISON SANTOS ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, BIG CITY YONKERS INC., 450 CONCORD AVENUE CORP., QPBC INC., KKLDS, INC., 20-15 ATLANTIC CORP., GLENWOOD AUTOPARTS CORP., D A L HOLDING CO., INC., ALL PARTS INC., AUTOSTAR AUTOMOTIVE WAREHOUSE, INC., WILLIAMSBURG AUTOMOTIVE REALTY, LLC, RYLE REALTY CORP., LINDEN BC, INC., BIG CITY ENGLEWOOD, INC. (the "Corporate Defendants) and KENNETH MAURER (collectively with the Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime due to time-shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime due to time-shaving, (2) statutory penalties, (3) liquidated damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

5. Plaintiff, GLEISON SANTOS, is a resident of Kings County, New York.

6. Defendants operate an auto parts warehouse business as a common enterprise under the company "Big City Automotive Warehouses," using the following trade names at the following locations:

   a. "General Baitoa Inwood," 1301 Inwood Avenue, Bronx, New York 10452;

   b. "General Baitoa Concord," 745 East 145th Street, Bronx, New York 10455;

   c. "Queens Plaza," 27-19 44th Drive, Long Island City, New York 11101;

   d. "Danken Williamsburg," 161 Morgan Avenue, Brooklyn, New York 11237;

   e. "GB500," 5701 Foster Avenue, Brooklyn, New York 11234;

   f. "Danken Autostar," 2130 Bergen Street, Brooklyn, New York 11233;

   g. "Danken Auto," 84 18th Street, Brooklyn, New York 11232;

   h. "Indy Auto Parts," 101-03 Northern Boulevard, Corona, New York 11368;

   i. "Big City of Yonkers," 44 Runyon Avenue, Yonkers, New York 10710;

   j. "Big City of New Rochelle," 11 Cliff Street, New Rochelle, New York 10801;

   k. "Associated Auto Parts – Linden," 300 East Elizabeth Avenue, Linden, NJ 07036;

   l. "Associated Auto Parts – Edison," 603 Amboy Avenue, Edison, NJ 08837;

   m. "Associated Auto Parts – Plainfield," 607 Somerset Street, North Plainfield, NJ 07060;

   n. "Associated Auto Parts – Berkeley," 700 Springfield Avenue, Berkeley Heights, NJ 07922; and

o. "Big City of Englewood," 199 W. Englewood Avenue, Englewood, NJ 07631 (collectively, the "Big City Stores").

Defendants operate the Big City Stores as a single integrated business enterprise comprising of auto parts warehourses. Specifically, Defendants are engaged in related activities, share common ownership and have a common business purpose. Employees and merchandise were transferrable from between Big City Stores. Dispatchers' employment was and is controlled by the individual corporation or the Big City Store where they worked. The Big City Stores are commonly owned and advertised as a single integrated enterprise on Defendants' website at [http://www.bigcityautomotive.com](http://www.bigcityautomotive.com). All Big City Stores are operated through a central administrative office, which implements wage and hour policies across all Big City Stores, located at 54 West John Street, Hicksville, New York 11801. Although parts inquiries are directed to the Big City Stores, questions and comments are handled centrally at Big City Defendants' headquarter office in Hicksville, New York. Defendants and their respective Big City Stores serve a common business purpose to provide auto parts and to promote their auto parts warehouse business throughout New York City and parts of Long Island, Westchester, and New Jersey.

7. Defendants operate as an integrated enterprise under the following business entities:

(a) Corporate Defendant BIG CITY YONKERS, INC. is a domestic business corporation organized under the laws of New York State, with an address for service of process and a principal place of business located at 54 West John Street, Hicksville, New York 11801. Defendants operate their Big City of Yonkers location and their headquarters for all Defendants through Corporate Defendant BIG CITY YONKERS, INC.

(b) Corporate Defendant 450 CONCORD AVENUE CORP. is a domestic business corporation organized under the laws of New York State, with an address for service of process and a principal place of business located at 54 West John Street, Hicksville, New York 11801. Defendants operate their General Baitoa Inwood and General Baitoa Concord locations through Corporate Defendant 450 CONCORD AVENUE CORP.

(c) Corporate Defendant QPBC, INC. is a domestic business corporation organized under the laws of New York State, with an address for service of process and an address for principal place of business located at 27-19 44th Drive, Long Island City, New York 11101 (the "Queens Plaza" location). Defendants operate their Queens Plaza location through Corporate Defendant QPBC, INC.

(d) Corporate Defendant KKLDS, INC. is a domestic business corporation organized under the laws of New York State, with an address for service of process located at 54 West John Street, Hicksville, New York 11801 and an address for a principal place of business located at 11 Cliff Street, New Rochelle, New York 10801 (the "Big City of New Rochelle" location). Defendants operate their Big City of New Rochelle location through Corporate Defendant KKLDS, INC.

(e) Corporate Defendant 20-15 ATLANTIC CORP. is a domestic business corporation organzied under the laws of New York State, with an address for service of process located at 410 4th Avenue, Brooklyn, New York 11215 and an address for a principal place of business located at 2130 Bergen Street, Brooklyn, New York 11233 (the "Danken Autostar" location). Defendants operate their Danken Autostar location through Corporate Defendant 20-15 ATLANTIC CORP.

(f) Corporate Defendant GLENWOOD AUTOPARTS CORP. is a domestic business corporation organized under the laws of New York State, with an address for service of process located at 101-03 Northern Boulevard, Corona, New York 11368 and an address for a principal place of business located at 5701 Foster Avenue, Brooklyn, New York 11234 (the "GB500" location). Defendants operate their GB500 location through Corporate Defendant GLENWOOD AUTOPARTS CORP.

(g) Corporate Defendant D A L HOLDING CO., INC. is a domestic business corporation organized under the laws of New York State, with an address for service of process and a principal place of business located at 101-03 Northern Boulevard, Corona, New York 11368 (the "Indy Auto Parts" location). Defendants operate their Indy Auto Parts location through Corporate Defendant D A L HOLDING CO., INC.

(h) Corporate Defendant ALL PARTS INC. is a domestic business corporation organized unde the laws of New York State, with an address for service of process located at 54 West John Street, Hicksville, New York 11801 and a principal place of business located at 84 18th Street, Brooklyn, New York 11232 (the "Danken Auto" location). Defendants operate their Danken Auto location through Corporate Defendant ALL PARTS INC.

(i) Corporate Defendant AUTOSTAR AUTOMOTIVE WAREHOUSE, INC. is a domestic business corporation organized under the laws of New York State, with an address for service of process located at 54 West John Street, Hicksville, New York 11801 and a principal place of business located at 161 Morgan Avenue, Brooklyn, New York 11237 (the "Danken Williamsburg" location). Defendants operate their Danken Williamsburg location through Corporate Defendant AUTOSTAR AUTOMOTIVE WAREHOUSE, INC.

(j)     Corporate Defendant WILLIAMSBURG AUTOMOTIVE REALTY, LLC, is a domestic limited liability company organized under the laws of New York State, with an address for service of process located at 54 West John Street, Hicksville, New York 11801.

(k)     Corporate Defendant RYLE REALTY CORP. is a domestic business corporation organized under the laws of New York State, with an address for service of process located at 54 West John Street, Hicksville, New York 11801.

(l)     Corporate Defendant LINDEN BC, INC. is a foreign business corporation organized under the laws of New Jersey State, with a principal place of business located at 300 East Elizabeth Avenue, Linden, New Jersey 07036 (the "Associated Auto Parts - Linden" location). Defendants operate their Associated Auto Parts – Linden, Associated Auto Parts – Edison, Associated Auto Parts – Plainfield and Associated Auto Parts - Berkeley locations through Corporate Defendant LINDEN BC, INC.

(m)     Corporate Defendant BIG CITY ENGLEWOOD, INC. is a foreign business corporation organized under the laws of New Jersey State, with a principal place of business located at 199 W. Englewood Avenue, Englewood, New Jersey 07631 (the "Big City of Englewood" location). Defendants operate their Big City of Englewood location through Corporate Defendant BIG CITY ENGLEWOOD, INC.

8.     Defendant, KENNETH MAURER, is the Chief Executive Officer of Big City Automotive Warehouses. Defendant MAURER exercised control over the terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class members. Defendant MAURER exercises the power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the

Class. Defendant MAURER has the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. He also had the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members.

9. At all relevant times, the Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all dispatchers employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper wages and overtime premium due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective

Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all dispatchers employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by

each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay proper wages and overtime premium due to time shaving, (ii) failing to provide proper wage statements that were in compliance with the requirements under the New York Labor Law, and (iii) failing to provide proper wage and hour notice to Class members, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the

individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d. Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e. Whether Defendants provided proper wage statements to Plaintiff and the Class members per requirements of the New York Labor Law;

f. Whether Defendants provided proper wage and hour notice, at date of hiring and annually, to all employees per requirements of the New York Labor Law; and

g. Whether Defendants properly compensated Plaintiff and Class members for all hours worked, and those in excess of forty (40) per workweek under state and federal law.

## STATEMENT OF FACTS

22. In or about May 2009, Plaintiff GLEISON SANTOS, was hired by Defendants to work as a dispatcher at the Queens Plaza location, located at 27-19 44th Drive, Long Island City, New York 11101. Plaintiff worked for Defendants at Queens Plaza until around May 2014. In or around Octobeer 2014, Plaintiff was worked for Defendants' at their General Baitoa Inwood location, located at 1301 Inwood Aenue, Bronx, New York 10452. Plaintiff's employment was terminated by Defendants on or about August 24, 2016.

23. At all times, Plaintiff regularly worked over forty (40) hours per workweek. Throughout his employment by Defendants, Plaintiff's regular working hours were as follows: Monday to Friday from 8:00a.m. until 6:00p.m. and Saturdays from 8:00a.m. until 5:00p.m. Plaintiff regularly worked approximately fifty-nine (59) hours per week throughout his employment by Defendants. Throughout Plaintiff's employment by Defendants, he was never allowed any clear, mid-shift breaks for his lunch break and was required to work through his lunch break. FLSA Collective Plaintiffs and Class members worked similar schedules as Plaintiff and were also not provided with any mid-shift breaks for lunch by Defendants.

24. From in or around 2010 until around May 2014, Plaintiff was compensated at a regular rate of $10.00 per hour for hours worked up until forty (40) hours per workweek and at an overtime premium rate of $15.00 per hour for hours in excess of forty (40) hours per workweek. Then, starting in or around October 2014 until approximately December 2014, Plaintiff was compensated at a regular rate of $10.00 per hour for hours woked up until forty (40) hours per workweek and at an overtime premium rate of $13.50 per hour for hours in excess of forty (40) hours per workweek. In or around 2015 until around August 2016, Plaintiff was compensated at a regular rate of $10.00 per hour for hours worked up until forty (40) hours per workweek and at an overtime premium of $15.00 per hour for hours in excess of forty (40) hours per workweek.

25. From the start of Plaintiff's employment with Defendants until in or around August 2015 (when Defendants were sued in other wage and hour cases), Plaintiff was not properly compensated for three hours per workweek due to Defendants' policy of time-shaving. Prior to August 2015, Defendants compensated Plaintiff and Class members by

13

automatically deducting half an hour per workday for a half an hour lunch break, regardless of whether a lunch break was taken. At all relevant times, Plaintiff and Class Members were required to work through their lunch break. Instead of keeping accurate records of Plaintiff's and Class Members' actual hours worked, and paying them for all hours worked, Defendants deducted automatically half an hour per day from their compensation and failed to compensate them for all hours worked per week.

26. Defendants failed to maintain proper employment records, as required by the FLSA and NYLL. At all relevant times, Defendants provided fraudulent wage statements to Plaintiff, FLSA Collective Plaintiffs and Class Members, which failed to accurately show the number of hours worked by Plaintiff, FLSA Collective Plaintiffs and Class Members in a given workweek.

27. Defendants never provided Plaintiff with wage notices, as required by the NYLL. Similarly, Class Members were never provided with any wage notices.

28. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage statements, as required by the NYLL. Plaintiff and Class members received fraudulent wage statements that did not accurately reflect the hours that they worked, as Defendants failed to accurately maintain such records.

29. Defendants unlawfully failed to compensate Plaintiff, the FLSA Collective Plaintiffs, and members of the Class their proper wages for all hours worked due to Defendants' time shaving policy, resulting in additional unpaid overtime hours.

30. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage notices or proper wage statements as required by NYLL.

31. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

### ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

32. Plaintiff realleges and reavers Paragraphs 1 through 31 of this Class and Collective Action Complaint as if fully set forth herein.

33. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

34. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

35. At all relevant times, Defendant had gross annual revenues in excess of $500,000.00.

36. At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time shaving.

37. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffss and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case

and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, when Defendants knew or should have known such was due.

39. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

40. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

41. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages and an equal amount as liquidated damages.

42. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

## ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS

43. Plaintiff realleges and reavers Paragraphs 1 through 42 of this Class and Collective Action Complaint as if fully set forth herein.

44. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

45. Defendants willfully violated Plaintiff's and Class members' rights by failing

to pay them for all hours worked due to Defendants' policy of time-shaving.

46. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

47. Defendants knowingly and willfully failed to provide wage and hour notices to employees at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

48. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

49. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

50. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

51. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime compensation due to time-shaving, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law due to Defendants' policy of time-shaving;

d. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law;

g. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representative of Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 20, 2017

                                            Respectfully submitted,

                                            LEE LITIGATION GROUP, PLLC
                                            C.K. Lee (CL 4086)
                                            Anne Seelig (AS 3976)
                                            30 East 39th Street, Second Floor
                                            New York, NY 10016
                                            Tel.: 212-465-1188
                                            Fax: 212-465-1181
                                            *Attorneys for Plaintiff, FLSA Collective Plaintiffs*
                                            *and the Class*

By: */s/ C.K. Lee*
     C.K. Lee (CL 4086)