# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL.: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct: (212) 465-1188
cklee@leelitigation.com

June 23, 2017

**VIA ECF**
The Honorable Robert M. Levy, U.S.M.J
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Santos v. Big City Yonkers, Inc., et al.*
             Case No. 17 cv-0329

Dear Judge Levy:

    We are counsel to Plaintiff. Pursuant to Your Honor's Order dated May 23, 2017, we write to respectfully request that the Court approve the settlement reached in this matter. Attached as **Exhibit A** is a copy of the Settlement Agreement.

### I. Legal Standard

    As the Court is aware, when FLSA claims are settled, "if the settlement is to take effect, the Court must first review and scrutinize the agreement to ensure that it is fair." *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299, at *18 (2d Cir. Aug. 7, 2015); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

    While the Second Circuit's ruling in *Cheeks v. Freeport Pancake House, Inc.* did not outline the factors for approving a settlement, certain red-flag issues were identified, such as confidentiality, general releases and attorneys' fees over 40%. 2015 WL 4664283, at *6. This agreement contains no such red-flags: (i) The Settlement Agreement does not contain any confidentiality provision; (ii) the release is limited to "wage and hour claims"; and (iii) attorneys' fees are not over 40% of the settlement amount. The $20,000.00 settlement falls within the range of reasonableness in light of the best possible recovery and the risks of litigation and collection, and therefore should be approved.

### II. Settlement Between Plaintiff and Defendants is Objectively Fair, Adequate and Reasonable

#### a. Plaintiff's Range of Possible Recovery

    Pursuant to the terms of the Parties' Settlement Agreement, Defendants are paying the total sum of $20,0000.00: $12,833.34 of which is being paid to the Plaintiff Gleison Santos, and $6,666.66 of which is being paid to the undersigned as attorneys' fees and $500.00 as costs. In the settlement, Defendants are paying 100% of the total backwages owed to Plaintiff, plus a portion of liquidated damages, plus attorneys' fees and costs. Attached hereto as **Exhibit B** is a

damage calculation for Plaintiff's unpaid compensation, calculated to be $10,246.50 in backwages. Even after the deduction of attorneys' fees and costs, Plaintiff is receiving 100% percentage recovery on his backwages, plus a portion of liquidated damages. Plaintiff's damage calculations assume that all of the facts alleged by Plaintiff are entirely correct. Defendants contest the vast majority of Plaintiff's allegations. Defendants have provided Plaintiff's records. If Defendants were to succeed at trial in demonstrating that Plaintiff was properly compensated, Plaintiff's damages would be significantly reduced, and Plaintiff would obtain less than the amount being recovered in the settlement.

Plaintiff considers the settlement amount to be a favorable recovery, since Defendants are paying, even after the deduction of attorneys' fees and costs, the full backwages owed, plus a portion of liquidated damages. Plaintiff will be able to obtain the full amount of the damages owed to him at an early stage of the litigation, without having to face the burdens and risks of trial. Plaintiff wishes to avoid the risk in establishing liability and damages. Plaintiff's circumstances are such that he believes it to be in his best interest to receive an expedient settlement payment rather than go forward with the discomforts, risks and costs of further litigation and trial.

### b. The Settlement Will Enable to Parties to Avoid Anticipated Burdens and Expenses

While the parties have begun engaging in discovery, they would still need to complete formal discovery, and conduct depositions of all parties in order to establish their respective claims and defenses. Further litigation will require the Parties to invest substantial time and expenses. Moreover, a trial would be costly and time-consuming. Such efforts are unnecessary since the settlement provides a full payment of backwages owed, even after the deduction of attorney's fees and costs.

### c. The Parties Face Serious Litigation Risks

There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiff because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. If Plaintiff were to go forward to trial, he faces the risk of recovering less money than he is receiving in the settlement. If he were to be unsuccessful in any one of his claims or if he were unable to demonstrate the validity of the facts he has alleged, Plaintiff's damages would be reduced to an amount smaller than his settlement amount. Furthermore, Defendants may have a strong argument regarding good faith which if successful would prohibit Plaintiff from any liquidated damages, which would again significantly reduce the amount he could obtain.

Even if Defendants could withstand a significantly greater judgment, their ability to do so, "standing alone, does not suggest that the settlement is unfair." *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian*, 80 F. Supp. 2d at 178 n.9).

Defendants, on the other hand, believe the settlement to be fair and reasonable because it will enable the parties to avoid further anticipated burdens and expenses, including attorney's fees, which would be significant if the case were to go to trial, due to the fee shifting nature of the FLSA.

### d. The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud of Collusion.

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced counsel during the litigation and settlement process. The settlement and settlement agreement were negotiated by counsel over several months, following an exchange of relevant documents and an open sharing of facts and information.

## III. The Attorneys Fees are Fair and Reasonable

Pursuant to the Settlement Agreement, of the $20,000 settlement amount, $6,666.66 is allocated to Plaintiff's counsel for attorneys' fees, and $500 for costs. The legal fees, which equals 1/3 of the settlement amount, is routinely approved as attorney's fees in such FLSA matters.

Plaintiffs' counsel's fees of $6,666.66 are fair and reasonable given the time spent by Plaintiff's counsel and the results achieved for the Plaintiff. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, negotiating with Defendants' counsel, engaging in discovery, preparing discovery demands, correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, the parties respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A**. We thank Your Honor for considering this matter.

Respectfully submitted,

_s/ C.K. Lee_
C.K. Lee, Esq.

Encl.

# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between GLEISON SANTOS ("CLAIMANT" or "Plaintiff"), and BIG CITY YONKERS, INC., 450 CONCORD AVENUE CORP., QPBC INC., KKLDS, INC., 20-15 ATLANTIC CORP., GLENWOOD AUTOPARTS CORP., D A L HOLDING CO., INC., ALL PARTS INC., AUTOSTAR AUTOMOTIVE WAREHOUSE, INC., WILLIAMSBURG AUTOMOTIVE REALTY, LLC, RYLE REALTY CORP., LINDEN BC, INC., BIG CITY ENGLEWOOD, INC. and KENNETH MAURER (collectively the "COMPANY" or "Defendants"), (CLAIMANT and the COMPANY are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of 6-23, 2017.

### RECITALS

A.   WHEREAS, on or about January 20, 2017, CLAIMANT filed an action (the "Action") against COMPANY alleging, *inter alia*, that COMPANY failed to pay him certain wages due in connection with services he performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Eastern District of New York, Case No. 17-CV-0329;

B.   WHEREAS, no court has considered or determined the claims presented;

C.   WHEREAS, COMPANY admits no wrongdoing, nor any liability with respect to CLAIMANT'S allegations;

D.   NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

### AGREEMENT

1.   Consideration. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. CLAIMANT agrees that he will not seek any further consideration from COMPANY, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2.   Settlement Compensation and Release.

COMPANY agrees to pay CLAIMANT the settlement amount of $20,000.00 (the "Settlement Payment") as follows:

> On or before June 23, 2017, COMPANY shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016 (or any other address provided by CLAIMANT'S counsel), a certified check in

{V0412522.1}

the amount of $20,000.00, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC."

For and in consideration of the payments provided for in this Paragraph 2, subject to the terms and provisions of this Settlement Agreement, CLAIMANT fully, finally, irrevocably and forever releases and discharges Company, with respect to himself only, from federal and New York State wage and hour claims, which CLAIMANT has or may have against COMPANY, whether asserted in this action or not. The parties agree that Defendants will only issue a 1099 form to Lee Litigation Group, PLLC, who shall issue a 1099 form to Plaintiff, a copy of which shall be delivered to Defendants' counsel, David Weissman at Eckert Seamans Cherin & Mellott, LLC, 10 Bank Street, White Plains, NY 10606.

3. Indemnification. Claimant agrees to indemnify the Defendants should any taxing authority seek to collect any withholding amount due from any Defendant, including any penalties or interest, for the amounts paid to Plaintiff under the terms of this settlement Agreement.

4. Cooperation. CLAIMANT and COMPANY mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other.

5. Voluntary Dismissal With Prejudice. Upon the execution of this Agreement, Plaintiff will file a Stipulation of Dismissal With Prejudice in the Action.

6. Entire Agreement. This Settlement Agreement constitutes the complete understanding of the Settling Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Settling Parties.

7. Headings. The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only, and have no legal significance.

[REST OF PAGE LEFT INTENTIONALLY BLANK]

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

_____
Gleison Santos

_____
C.K. Lee, Esq.
Lee Litigation Group, PLLC
Attorneys for Plaintiff

**Big City Yonkers, Inc.**

By: _____
    Name:
    Title:

**450 Concord Avenue Corp.**

By: _____
    Name:
    Title:

**QPBC Inc.**

By: _____
    Name:
    Title:

**KKLDS, Inc.**

By: _____
    Name:
    Title:

**20-15 Atlantic Corp.**

By: _____
    Name:
    Title:

{V0412522.1}                    3

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

_____
Gleison Santos


_____
C.K. Lee, Esq.
Lee Litigation Group, PLLC
Attorneys for Plaintiff


**Big City Yonkers, Inc.**

By: _____
Name: Daniel Fried
Title: VP

**450 Concord Avenue Corp.**

By: _____
Name: Daniel Fried
Title: VP

**QPBC Inc.**

By: _____
Name: Daniel Fried
Title: VP

**KKLDS, Inc.**

By: _____
Name: Daniel Fried
Title: VP

**20-15 Atlantic Corp.**

By: _____
Name: Daniel Fried
Title: Pres.

**Glenwood Autoparts Corp.**

By: _____D._____
Name: Daniel Fried
Title: VP

**D A L Holding Co., Inc.**

By: _____[signature]_____
Name: Linda Maurer
Title: Sec.

**All Parts Inc.**

By: _____D._____
Name: Daniel Fried
Title: Pres.

**Autostar Automotive Warehouse, Inc.**

By: _____D._____
Name: Daniel Fried
Title: Pres.

**Williamsburg Automotive Realty, LLC**

By: _____D._____
Name: Daniel Fried
Title: member

**Ryle Realty Corp.**

By: _____D._____
Name: Daniel Fried
Title: Pres.

**Linden BC, Inc.**

By: _____D._____
Name: Daniel Fried
Title: VP

**Big City Englewood, Inc.**

{V0412522.1}                                        4

By: _____
Name: Daniel Fried
Title: VP

_____
Kenneth Maurer

# Exhibit B

## FOR SETTLEMENT PURPOSES ONLY
(Big City)

**Calculaton for**   <u>Gleison Santos</u>

**Period 1**
**Assumptions:**

| | |
|---|---|
| Period Worked | November 4, 2010 to December 31, 2013 |
| Number of weeks worked | 165 weeks |
| Hours worked/week | 59 hours |
| Salary | $10 per hour/$15 per OT hour |

**Time Shaving**
During this working period, off-the-clock working hours were 0.5 hours every day.
    Unpaid Wage = 15 x 0.5 hours x 6 work days x worked weeks
                  = 15 x 0.5 x 6 x 165
                  = $7,425.00
**Period 1 Total =** <u>$7,425.00</u>

**Period 2**
**Assumptions:**

| | |
|---|---|
| Period Worked | January 1, 2014 to May 31, 2014 |
| Number of weeks worked | 21 weeks |
| Hours worked/week | 59 hours |
| Salary | $10 per hour/$15 per OT hour |

**Time Shaving**
During this working period, off-the-clock working hours were 0.5 hours every day.
    Unpaid Wage = 15 x 0.5 hours x 6 work days x worked weeks
                    = 15 x 0.5 x 6 x 21
                  = $945.00
**Period 2 Total =** <u>$945.00</u>

**Period 3**
**Assumptions:**

| | |
|---|---|
| Period Worked | October 1, 2014 to December 31, 2014 |
| Number of weeks worked | 13 weeks |
| Hours worked/week | 59 hours |
| Salary | $9 per hour/ $13.5 per OT hour |

During this working period, off-the-clock working hours were 0.5 hours every day.
    Unpaid Wage = 13.5 x 0.5 hours x 6 work days x worked weeks
                    = 13.5 x 0.5 x 6 x 13
                  = $526.50
**Period 3 Total =** <u>$526.50</u>

**Period 4**

Case 1:17-cv-00329-RML   Document 14   Filed 06/23/17   Page 13 of 13 PageID #: 86

| **Assumptions:** | Period Worked | January 1, 2015 to August 1, 2015 |
| --- | --- | --- |
| | Number of weeks worked | 30 weeks |
| | Hours worked/week | 59 hours |
| | Salary | $10 per hour/$15 per OT hour |

**Time Shaving**

During this working period, off-the-clock working hours were 0.5 hours every day.

Unpaid Wage = 15 x 0.5 hours x 6 work days x worked weeks
= 15 x 0.5 x 6 x 30
= $1,350.00

**Period 4 Total =** $1,350.00

Back wage (all periods) = $10,246.50

| NY State Liquidated Damage = | $9,949.50 |
| --- | --- |
| Statutory Penalty for Invalid Wage and Hour Notice = | $2,500.00 |
| Statutory Penalty for Invalid Wage Statement  = | $2,500.00 |

**Total =** $25,196.00

Legal fees and expenses to be determined.